**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001389**
**27-MAY-2015**
**09:30 AM**

NO. CAAP-14-0001389

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


U.S. BANK NATIONAL ASSOCIATION,
as Trustee for the LXS 2006-16N,
Plaintiff-Appellee,
v.
JAMES JOSEPH FRANCO and EDNA ARDALES FRANCO,
Defendants/Counterclaim-Plaintiffs/Third-Party
Plaintiffs/Appellants,
and
BANK OF AMERICA, N.A.,
HAWAIIAN PARADISE PARK OWNERS ASSOCIATION,
Defendants-Appellees,
and
ONEWEST BANK, F.S.B., et al.,
Third-Party Defendants/Appellees,
and
JOHN DOES 1-50, JANE DOES 1-50,
DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50,
DOE ENTITIES 1-50, and DOE GOVERNMENTAL UNITS 1-50,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-0627)

ORDER
DISMISSING APPELLATE COURT CASE NUMBER CAAP-14-0001389
FOR LACK OF APPELLATE JURISDICTION
AND
DIRECTING THE APPELLATE COURT CLERK TO OPEN A NEW APPELLATE
COURT CASE FOR APPELLANTS' MAY 8, 2015 NOTICE OF APPEAL FROM
AN APRIL 15, 2015 JUDGMENT ON A DECREE OF FORECLOSURE
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over appellate court case number CAAP-14-0001389 regarding Defendants/Counterclaim-Plaintiffs/Third-Party Plaintiffs/Appellants James Joseph Franco and Edna Ardales Franco's (the Franco Appellants) appeal from the Honorable Greg K. Nakamura's November 24, 2014 interlocutory order dismissing parts of the Franco Appellants' January 2, 2014 counterclaim and third-party complaint, because the circuit court has not yet reduced the November 24, 2014 interlocutory dismissal order to a separate judgment.

Hawaii Revised Statutes ("HRS") § 641-1(a) (1993 & Supp. 2014) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) ("[A]n order disposing of a circuit court

-2-

case is appealable when the order is reduced to a <u>separate</u> judgment." (Citation omitted; emphasis added)). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." <u>Id.</u> <u>Jenkins</u>, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

On February 24, 2015, the circuit court clerk filed the record on appeal, and on March 23, 2015, the circuit court clerk filed the amended record on appeal, but neither of these records on appeal contains a judgment on the claims that the November 24, 2014 interlocutory dismissal order resolved. The November 24, 2014 interlocutory dismissal order will not be eligible for appellate review until the circuit court reduces the November 24, 2014 interlocutory dismissal order to a proper separate judgment on those particular claims. Absent an appealable final judgment as to the November 24, 2014 interlocutory dismissal order, we lack appellate jurisdiction, and the Franco Appellants' appeal is premature.

We note that on May 8, 2015, the Franco Appellants filed herein a second notice of appeal from an April 15, 2015 judgment on a decree of foreclosure as to Plaintiff/Counterclaim-Defendant/Appellee U.S. Bank National Association, as Trustee for the LXS 2006-16N's complaint for foreclosure. Although the April 15, 2015 judgment on the decree of foreclosure is independently appealable under HRS § 667-51(a)(1) (Supp. 2014), the April 15, 2015 judgment on the decree of foreclosure does not cure our lack of appellate jurisdiction in CAAP-14-0001389 to review the

-3-

November 24, 2014 interlocutory dismissal order, because the April 15, 2015 judgment on the decree of foreclosure does not enter judgment on any of the claims that the November 24, 2014 interlocutory dismissal order resolves.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0001389 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED as follows:

(1) Within ten (10) days after entry of this order, the appellate court clerk shall:

(A) Electronically file the May 8, 2015 notice of appeal that the Franco Appellants filed in appellate court case number CAAP-14-0001389 and open a new appellate court case number for the Franco Appellants' separate appeal from the Circuit Court of the Third Circuit's April 15, 2015 judgment on a decree of foreclosure in Civil No. 13-1-0627;

(B) File a copy of this order in the new appellate court case; and

(C) Serve a copy of this order on the clerk of the Circuit Court of the Third Circuit.

(2) The clerk of the Circuit Court of the Third Circuit shall file the record on appeal for Civil No. 13-1-0627 in the new appellate court case in the time and manner consistent with Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 11(b)(1).

(3) The clerk of the Circuit Court of the Third Circuit shall, in light of Judge Reifurth's December 21, 2014 order granting the Franco Appellants' December 26, 2014 request to

proceed in forma pauperis in appellate court case number CAAP-14-0001389 (of which this court takes judicial notice), file the record on appeal for Civil No. 13-1-0627 in the new appellate court case without requiring any prepayment of any filing or docketing fee.

(4) The parties in the new appellate court case shall file their respective appellate briefs in accordance with HRAP Rule 28.

DATED: Honolulu, Hawai'i, May 27, 2015.

Presiding Judge

Associate Judge

Associate Judge

-5-